IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEFANI N. LANDESS**,

                              *Plaintiff,*

*v.*                                                      CAUSE NO. 3:21-CV-00362-CWR-LGI

**SAMUEL RODRIGUEZ and JOHN
ENTITY(IES) 1-5**,

                              *Defendants.*

## ORDER

Before the Court is the Plaintiff's *Motion for Partial Summary Judgment on Defendant Samuel Rodriguez's Duty and Breach of his Duty*. Docket No. 59. The motion is fully briefed and ready for adjudication. *See* Docket Nos. 66 (Defendant's Response) and 74 (Plaintiff's Reply). Upon review, the motion will be granted.

I.      **Factual and Procedural History**

In the early morning hours of February 4, 2018, the Plaintiff, Stefani Landess, and her family were traveling westbound on I-20 near Jackson, Mississippi. Docket No. 1, Ex. 1 at 3; Docket No. 60, Ex. 1 at 2; Docket No. 60, Ex. 2 at 4. As sometimes happens, their vehicle ran out of gas, causing Mrs. Landess to pull the car onto the right shoulder of the highway. Docket No. 1, Ex. 1 at 3; Docket No. 60, Ex. 1 at 2. It was there that the Defendant's 2017 Toyota 4Runner crashed into the Plaintiff's parked car, while the Plaintiff and her family were still inside. Docket No. 60, Ex. 1 at 6. The Plaintiff contends that this crash resulted in several injuries for which she is entitled to recover.

In January 2021, the Plaintiff sued the Defendant and his purported employer, Avis Budget Group, for negligence in the Circuit Court of Hinds County, Mississippi. Docket No. 1, Ex. 1. The Defendants removed the suit to this Court four months later, invoking the Court's diversity jurisdiction. Docket No. 1. After nearly two years of litigation, the parties agreed to dismiss Avis Budget Group as an improper party, leaving Rodriguez as the sole, named Defendant.[1] *See* Docket No. 54. Now, the Plaintiff seeks partial summary judgement on the duty and breach elements of her negligence claim against Rodriguez.

## II.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if "if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). A fact is material "if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

At the summary judgment stage, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* If the moving party is able to meet its Rule 56 burden, it becomes the responsibility of the nonmovant to "identify specific evidence in the record and articulate the precise manner in which that evidence supports [their] claims." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A nonmovant cannot escape summary judgment by resting on "[c]onclusional allegations and denials, speculation, improbable inferences, [or] unsubstantiated assertions."

---

[1] Specifically, the course of discovery established that Avis Budget Group had merely rented a car to Rodriguez—not that it employed him.

*Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). It is not the duty of the district court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458.

Because this case is proceeding in diversity, the Court applies the substantive law of the forum state—in this case, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 302 (5th Cir. 2011). State law is determined by looking to decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

## III.    Discussion

The Plaintiff argues that the Defendant, like all motorists, owed a duty to "keep a proper lookout and be alert for other vehicles." Docket No. 60 at 3. She contends that he breached that duty when he "crashed into the rear of [her] car while it was parked on the shoulder of the road." *Id* at 4. The Defendant does not dispute that he owed a duty or that he breached that duty by crashing into the Plaintiff's vehicle. Instead, he quibbles with (1) the Plaintiff's contention that, at the time of the accident, Mr. Rodriguez said it was his fault, *see* Docket No. 66 at 2, and (2) whether the Plaintiff's car was fully on the shoulder, *id*. at 6. Neither quibble is sufficient to defeat the Plaintiff's summary judgment motion.

To prevail on a claim of negligence under Mississippi law, a plaintiff must prove duty, breach, causation (factual and legal), and damages. *See Sanderson Farms Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017) (outlining elements). Some of these elements require extensive factual evaluation, to be sure, but the question of whether one owes a duty to another is decidedly one of law. *See Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004). Whether one has breached a duty is a question of fact for the factfinder to resolve. *Eli*

*Investments, LLC v. Silver Slipper Casino Venture, LLC*, 118 So.3d 151, 154 (Miss. 2013). It is appropriate, then, for the court to reach those issues at the summary judgment stage.

The first question is whether the Defendant owed a duty to the Plaintiff. That answer is yes. The Mississippi Supreme Court has held that motorists have a "common-law duty [to] exercis[e] ordinary and reasonable care" and to "avoid injury to the person or property of another." *Smith v. Waggoners Trucking Corp.*, 69 So. 3d 773, 778 (Miss. 2011). At times, the court has framed the duty as the duty to exercise "proper control" of the vehicle, *Dennis by and Through Cobb v. Bolden*, 606 So. 2d 111 (Miss. 1992), or to "be alert so as to avoid a collision with objects, vehicles, or others using the highway." *Shideler v. Taylor*, 292 So. 2d 155 (Miss. 1974). However phrased, the duty attaches in this case.

The second question then becomes whether the Defendant breached that duty. Here, too, the answer is yes. The Plaintiff, as the movant, has identified competent evidence showing that a vehicle crashed into her rear bumper and that the Defendant operated that vehicle. *See* Docket No. 60, Ex. 1 and Ex. 2. At her deposition, the Plaintiff testified that her vehicle "was completely off of the actual lane of traffic, and [she] could see the white line that runs along the shoulder." Docket No. 65, Ex. 1 at 9. "I was completely off the road," she reiterated. *Id*. Once the Plaintiff has so shown, it became the Defendant's burden to identify evidence in the record that contradicts that supplied by the Plaintiff. The Defendant did not do that here. Indeed, the Defendant's response brief admits that he "does not dispute the Accident Report," which described Plaintiff's vehicle as being stopped on the shoulder and out of the lane of traffic. Docket No. 66 at 4 n.2. Given that admission, it is not enough for the Defendant to merely manufacture a dispute in his brief about the placement of the car. That

is particularly true when the Defendant can point to no evidence to support his theory about the car's placement.

The Defendant has failed to meet his burden; the Plaintiff's motion for summary judgment carries. *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (explaining that a motion for summary judgment will be granted when the nonmovant fails to "identify specific evidence in the record and articulate how that evidence supports the[ir] claim").

## IV. Conclusion

For these reasons, the Plaintiff's *Motion for Partial Summary Judgment* is **GRANTED**.

**SO ORDERED**, this the 20th day of March, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE