# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**STEFANI N. LANDESS**,

          *Plaintiff*,

v.

**SAMUEL RODRIGUEZ; and JOHN ENTITY(IES) 1-5**,

          *Defendants*.

CAUSE NO. 3:21-CV-00362-CWR-LGI

## ORDER

Before the Court is the Plaintiff's *Motion to Strike Defendant's Untimely Filed Motions.* Docket No. 69. The motions are fully briefed and ready for adjudication. *See* Docket Nos. 73 (Defendant's Response in Opposition) and 85 (Plaintiff's Reply). Upon review, the motion will be denied.

United States Magistrate Judge LaKeysha Greer Isaac issued the Case Management Order in this case on July 8, 2021. *See* Docket No. 6. That Order set initial deadlines of February 15, 2022, and March 1, 2022, for the parties to complete discovery and file dispositive motions, respectively. *Id*. at 4–5. Those deadlines were reset and extended over the course of the litigation, with the final deadlines being January 23, 2023, to complete discovery, and February 5, 2023, to file dispositive motions. *See* Docket No. 53. The question presented in the instant motion is whether Defendant Rodriguez's February 6, 2023 *Motion to Exclude Plaintiff's Proffered Experts*, Docket No. 61, was timely filed.

Landess contends that the motion is not timely because it was filed after the court-assigned date of February 5, 2023, and the Defendant "has not attempted to show 'excusable neglect' for filing the motion after the expiration of the deadline." Docket No. 70 at 3.

But, as Rodriguez points out, "February 5, 2023, fell on a Sunday." Docket No. 73 at 2. And pursuant to Federal Rule of Civil Procedure 6(a)(1)(c), "if the last day" of a period—such as the period to file dispositive motions—"is a . . . legal holiday, the period continues to run until the end of the next day that is not a ... legal holiday." Thus, Rodriguez's motion to exclude (Docket No. 61) was not untimely filed. In any event, the Court has "broad discretion under Rule 6(b) to expand filing deadlines." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275–76 (5th Cir. 2015) (citation omitted). Thus, even if Rule 6 did not automatically do so, the Court finds good cause to expand the deadline to February 6, 2023. Any neglect on Rodriguez's part to comply with the deadline is excusable in light of the fact that the deadline fell on a Sunday and Rule 6(a)(1)'s method of computation. *See* Fed. R. Civ. P. 6(b).

Accordingly, the Court **DENIES** Landess's motion to strike.

**SO ORDERED**, this the 24th day of April, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE